UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Case No. 1:24-cv-05691-JPC

| | |
|---|---|
| MICHAEL FORSTL,<br><br>   Plaintiff,<br><br>   v.<br><br>MORGAN CREEK CAPITAL MANAGEMENT, LLC and MARK YUSKO,<br><br>   Defendants. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Michael Forstl and Defendants Morgan Creek Capital Management, LLC and Mark Yusko, by and through their counsel of record, hereby stipulate to the following Stipulated Confidentiality Agreement and Protective Order (this "Order") that shall govern all information and documents produced in the above-captioned case (this "Litigation"):

    1.    <u>Parties to the Order</u>.  The Parties to this Order are Michael Forstl, Morgan Creek Capital Management, LLC, and Mark Yusko (each a "Party" and, collectively, the "Parties").  To the extent that any person other than: (a) Counsel of Record for the Parties; or (b) those persons identified in paragraph 9, seeks or is given access to information designated as "CONFIDENTIAL" pursuant to this Order, such person must first execute the Nondisclosure Agreement attached as **Exhibit A** hereto ("Nondisclosure Agreement").  The term "Signatory" shall refer to any person who has executed the Nondisclosure Agreement.

    2.    Certain information and documents to be produced by the Parties during discovery in this Litigation may contain confidential information, competitive pricing information, or other

1

proprietary or non-public commercial information that should be considered confidential and protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

3. The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Order shall include, without limitation, all documents or information, whether in hard copy or electronic form, designated in accordance with the terms of this Order and supplied in response to the demands or requests of either Party, formal or informal, regardless of whether said information is produced or disclosed by a Party or by any affiliated person or entity, or formerly affiliated person or entity.

4. All information designated "CONFIDENTIAL" in accordance with the terms of this Order (as set forth below) and disclosed in this Litigation shall be used by the Parties receiving such information solely for the purpose of prosecuting or defending this Litigation and shall not be used for any other purpose.

5. <u>Production by Non-Parties.</u>  Any Party issuing a subpoena, request, or other directive to a non-party seeking the production of information shall simultaneously provide the non-party with a copy of this Order to ensure that the non-party is aware of its rights to seek protection of the information pursuant to the terms herein. Information produced by non-parties during the course of this Litigation may be designated under this Order by such non-party or by a Party as "CONFIDENTIAL" by following the procedures set forth herein. Information so designated and produced by non-parties shall thereafter be treated by the Parties in the same manner as if produced with such designation by a Party. A producing non-party shall have all the rights of a Producing Party with respect to protection of information under the terms of this Order, including, but not limited to, the right to present argument to the Court regarding the sealing of

documents filed with the Court (*see* paragraph 23 below).  The provisions of this Order for challenging the designation by a Party are applicable to challenges to designations by non-parties.

6. <u>Discovery Material.</u>  "Discovery Material" shall mean and include any document (whether in hard copy or computer-readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this Litigation.  All Discovery Material generated, produced, obtained, or received in this Litigation shall be used solely for purposes of prosecuting or defending this Litigation and shall not be used for any other purpose.

7. Any Party or any non-party producing or disclosing or receiving Discovery Material may, in good faith, designate Discovery Material containing Confidential Information as "CONFIDENTIAL."

8. The term "Confidential Information" means confidential and proprietary business, technical, or financial information; commercially or competitively sensitive information, including confidential research or development information; trade secrets; and/or other information required by law or an enforceable agreement to be kept confidential.  Confidential Information may include documents or things produced in this Litigation (during formal discovery or otherwise), information produced by non-parties, responses to discovery requests, and information or items disclosed during depositions, hearings or at trial.

9. All information designated "CONFIDENTIAL" shall be maintained in confidence by the Parties to whom such information is produced, and shall not be disclosed to any person except:

    (a)    The Court (including court reporters, stenographic reporters and videographers, and court personnel);

(b) The attorneys of record, their partners, employees, contractors, support staff, and associates (collectively hereafter referred to as "Outside Counsel");

(c) In-house or other counsel retained by any Party with respect to any matters related to or concerning this Litigation, including their immediate paralegals and staff, and any copying, clerical, or other litigation support services working at the direction of such counsel, paralegals, and staff;

(d) The individual Plaintiff and Defendant and officers and employees of the corporate Defendant in this Litigation, provided that such officers or employees shall receive Confidential Information solely on a "need-to-know" basis for purposes of prosecuting or defending the claims in this Litigation and for no other purposes;

(e) Consulting or testifying experts and their staff, and litigation support personnel and their staff, who are retained by any Party or Outside Counsel to provide services related to this Litigation; and

(f) Any other person as to whom the Producing Party agrees in writing prior to such disclosure.

10. <u>Designating Documents.</u>

(a) No designation of documents as "CONFIDENTIAL" shall be effective unless there is placed or affixed on such document a "CONFIDENTIAL" notice or the equivalent. Where practicable, such notice shall be placed near the Bates number. In the case of computer, audiovisual, or other electronic or magnetic medium, such notice shall be placed on the medium or its protective cover, if any. Testimony given at a deposition or hearing may be designated

"CONFIDENTIAL" in accordance with the provisions of Paragraphs 19 and 20 of this Order. Any designation that is inadvertently omitted from a document or testimony may be corrected by written notification to opposing counsel, but any disclosure prior to such notification shall not be a violation of this Order.

(b)     Where a Receiving Party wishes to designate Discovery Material containing Confidential Information as "CONFIDENTIAL," the Receiving Party shall make such designation by notifying the Producing Party or non-party in writing at any time after receiving such Discovery Material. After such notification, the Confidential Information shall be treated as "CONFIDENTIAL" and shall be promptly replaced with a version containing a "CONFIDENTIAL" notice in the applicable manner described in section (a) of this paragraph. In the event the Producing Party or non-party objects to such designation, the procedure for objection to designations set forth in paragraph 17 of this Order shall govern.

11.     Outside Counsel shall be responsible for preventing any disclosure of "CONFIDENTIAL" materials, except in accordance with the terms of this Order.

12.     Information designated and produced by non-parties shall thereafter be treated by the Parties in the same manner as if produced with such designation by a Party. A producing non-party shall have all the rights of a Producing Party with respect to protection of information under the terms of this Order. The provisions of this Order for challenging the designation by a Party are applicable to challenges to designations by non-parties.

13.     Prior to disclosure of "CONFIDENTIAL" information to any non-parties, to include persons employed to act as outside consultants or experts, translators, or interpreters in this Litigation, counsel for the Party seeking disclosure shall require such persons to read this Order and execute a Nondisclosure Agreement in the form attached hereto as **Exhibit A**.

14. Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL" information that it has produced or disclosed in this Litigation.

(a) Nothing in this paragraph shall be deemed to enlarge or restrict the right of any Party to conduct discovery of any expert.

(b) Nothing in this Order shall be construed as requiring that the identity of routine outside suppliers of litigation support services, such as photocopying, scanning, or coding, graphics preparation and presentation consultants, witness preparation consultants, jury consultants, or trial presentation consultants be disclosed to the opposing Party or counsel. However, any Party utilizing such services is required to have such proposed service provider conduct a conflict check and execute the Nondisclosure Agreement attached hereto as Exhibit A, which executed Nondisclosure Agreement must be retained by Outside Counsel utilizing the services of the service provider in question.

15. Nothing in this Order shall prevent disclosure beyond the terms of this Order of any "CONFIDENTIAL" information if the Parties to this Litigation and, if applicable, the non-party from which the material originated, consent, or if the Court, on motion filed by the Party seeking to make disclosure, orders that disclosure be made. Any Party may at any time request the Court, after notice to the opposing Party or to the non-party from which the material originated, if applicable, to modify or grant relief from any provision of this Order or to place additional restrictions on the use of any "CONFIDENTIAL" information.

16. Nothing herein shall prohibit a Party, or its counsel, from disclosing any document designated "CONFIDENTIAL" to the person the document identifies as an author or recipient of such document, or to any person that evidence shows to have already viewed the document, been

told of its contents, who previously had legal access to the document or information, or who would be entitled to access to the document or information.

17.  Objection to Designations.  Nothing in the Order shall be construed as an agreement by the Receiving Party that information designated by another Party as "CONFIDENTIAL" is in fact entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.  If counsel for the Receiving Party believes that a confidentiality designation is not appropriate or justified, counsel for the Receiving Party will notify counsel for the Producing Party in a writing of its belief that the information should not be so designated or should be disclosable to persons other than those allowed by this Order.  A Party shall not be obligated to challenge the propriety of a designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall specifically identify--by bates number, attachment or link—the document(s) or information that the Receiving Party contends should be differently designated.   If the Producing Party does not respond within 14 calendar days after the challenge, the "CONFIDENTIAL" designation shall be deemed waived and removed.  If the Producing Party disagrees with the Receiving Party's challenge, the Parties shall meet and confer within 14 calendar days of the objection and use their best efforts to resolve promptly and informally such disputes.  If the Parties do not reach agreement on the correct designation of the information within 14 calendar days of service of a challenge, the Receiving Party may file a motion with the Court setting forth the Receiving Party's reasons as to why the designation should be changed.  Unless and until the Court issues a ruling that the information may be disclosed to persons other than those authorized by this Order, the contested designation shall remain in place and treated consistently with the terms of this Order.

18.  Nothing in this Order shall preclude any Party from applying to this Court for relief

from any provision hereof, or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

19. <u>Procedure at Depositions.</u>  Information disclosed at a deposition may be designated as "CONFIDENTIAL" by indicating on the record at the deposition that the information is "CONFIDENTIAL."  All such portions of the transcript shall be appropriately marked by the court reporter and shall be treated by the Parties as set forth herein.  Testimony in a deposition may also be designated "CONFIDENTIAL" by notifying the deposing Party during the deposition and on the record that the testimony of the deposition is expected to contain confidential Discovery Material, and then also by identifying to the deposing Party in writing within 30 days of the receipt of the transcript those pages and lines of the transcript or those exhibits that are "CONFIDENTIAL".  In such a case where a deposition is identified as expected to contain confidential Discovery Material, no such deposition may be read by anyone other than the deponent, the attorneys for the Parties, and those qualified to see "CONFIDENTIAL" material under Paragraph 5 during the 30-day period following a deposition unless otherwise agreed upon among the attorneys.  If a Party provides notice that it expects the deposition to contain confidential Discovery Material but does not designate specific pages and lines of the transcript as Confidential within 30 days, the "CONFIDENTIAL" designation shall be deemed waived and removed.  Upon being informed that certain portions of a deposition disclose "CONFIDENTIAL" information, each Party must cause each copy of the transcript in its custody or control to be marked immediately.

20. <u>Procedure at Hearing.</u>  At a hearing, a counsel seeking to elicit testimony or to question a witness about, or discuss, a document or transcript designated as "CONFIDENTIAL,"

shall advise the Court in advance of such questioning about counsel's intentions so that the Court may properly determine what measures to put in place to safeguard the confidential nature of the information to be discussed. All Parties are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced as evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as "CONFIDENTIAL."

21. <u>Inadvertent Production.</u> If a Party or other person receiving Discovery Materials designated as "CONFIDENTIAL" learns that, by inadvertence or otherwise, it has disclosed such information under circumstances not authorized under this Order, such receiving Party or person shall immediately: (i) notify in writing the person who designated the information as "CONFIDENTIAL" of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the Confidential Information; and (iii) inform the person or persons to whom unauthorized disclosure was made of the terms of this Order and that such Discovery Material is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such Discovery Materials as CONFIDENTIAL in accordance with the notice from the date such notice is received. Disclosure of Discovery Materials designated as "CONFIDENTIAL" prior to the receipt of such notice shall not be deemed a violation of this Order. A Receiving Party who has disclosed such "CONFIDENTIAL" materials prior to the receipt of such notice shall take steps to cure such disclosure by requesting return of the original document and substituting it with the properly marked one.

22. <u>No Admissions.</u> Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, object or item: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary

information; (3) constitutes or does not constitute confidential information; or (4) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing Party claims to be privileged shall be governed by the facts and applicable law.

23. <u>Filing with the Court</u>. Separate and apart from the procedure set forth in paragraph 17 of this Order for objecting to confidentiality designations, if a Party wishes to publicly file (*i.e.,* not under seal) information designated as "CONFIDENTIAL" information, it may seek the consent of the Party or non-party, as applicable, who has designated the information as "CONFIDENTIAL" and if that Party or non-party consents in writing, the Party making a filing may proceed to publicly file such "CONFIDENTIAL" information. Alternatively, any Party or non-party that seeks to file information designated as "CONFIDENTIAL" under seal shall comply with Rule 4 of Judge John P. Cronan's Individual Rules and Practices in Civil Court.

24. <u>Conclusion of Litigation.</u>  Upon the final termination of this Litigation, including any appeals, the Parties have 60 days within which they may petition the Clerk of Court to return to the Party that filed them all documents and things containing "CONFIDENTIAL" information that have been filed under seal with the Court. Within 60 days after a request by a Producing Party made after the final termination of this Litigation, a Party shall destroy any and all originals and copies of Discovery Materials designated "CONFIDENTIAL" by the Producing Party, except that Outside Counsel for each Party may maintain in its files archival copies of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, written discovery responses and documents constituting work product which were internally generated based upon or which include "CONFIDENTIAL" information. Such destruction shall be made subject to commercially reasonable efforts to locate, return, and/or destroy such "CONFIDENTIAL" information. Upon receipt of any subpoena for such information, the Party

receiving the subpoena shall immediately notify Outside Counsel for the Producing Party of the subpoena so that the latter may protect its interests.

25. Violation by any person of any term of this Order may be punishable as contempt of court. Any person or entity that produces "CONFIDENTIAL" information in response to a discovery request or subpoena in this Litigation is intended to be a beneficiary of this Order and the Nondisclosure Agreement and may pursue all remedies available for violation thereof. No provision of this Order shall be deemed to require any person or entity not a Party to this Litigation to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any Party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this Litigation.

26. Any Discovery Materials produced in this Litigation and Designated as "Confidential" prior to the date of this Order will be subject to this Order and treated as confidential in accordance with the terms of this Order.

27. The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that:

    (a) Was, is, or becomes public knowledge or publicly accessible not in violation of this Order; or

    (b) Was lawfully possessed by the non-designating Party prior to the date the Litigation commenced.

28. <u>Survival</u>. This Order shall continue in full force and effect after the termination of this Litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the terms of this Order. However, this Order shall be subject to revocation or modification by

order of the Court, upon written stipulation of the Parties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of the evidence.

29. The Parties agree to submit this Order for entry by the Court and to be bound by the terms prior to entry by the Court.

Respectfully submitted this 22nd day of May, 2025.

| | |
|---|---|
| STERLINGTON, PLLC | WOMBLE BOND DICKINSON (US) LLP |
| *(signature)* | *(signature)* |
| Mari K. Bonthuis | Joseph A. Patella, NY Bar No. 2795953 |
| Erika H. Burk | Jesse Schaefer, NC Bar No. 44773 (pro hac) |
| Eric Small | 950 Third Avenue, Suite 2400 |
| One World Trade Center, 85th Floor | New York, New York 10022 |
| New York, New York 10007 | (332) 258-8483 |
| (212) 433-2879 | joseph.patella@wbd-us.com |
| (212) 729 - 3034 | jesse.schaefer@wbd-us.com |
| Mari.bonthuis@sterlingtonlaw.com | |
| Erika.burk@sterlingtonlaw.com | *Counsel for Defendants Morgan Creek Capital* |
| Eric.small@sterlingtonlaw.com | *Management, LLC and Mark Yusko* |
| | |
| *Counsel for Plaintiff* | |

The parties shall abide by Individual Civil Rule 4, which governs redactions and sealed filings.

IT IS SO ORDERED, this the 23rd day of May, 2025.

*(signature)*

Hon. John P. Cronan
United States District Judge

12

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Case No. 1:24-cv-05691-JPC

| | |
|---|---|
| MICHAEL FORSTL,<br><br>    Plaintiff,<br><br>    v.<br><br>MORGAN CREEK CAPITAL MANAGEMENT, LLC and MARK YUSKO,<br><br>    Defendants. | **NONDISCLOSURE AGREEMENT** |

The undersigned, having read the Stipulated Confidentiality Agreement and Protective Order (the "Order") entered in this action, understanding the terms thereof, and intending to be legally bound thereby, agrees as follows:

1. All information and documents disclosed to the undersigned pursuant to the Order shall be used only in connection with the above-captioned action (the "Litigation") and shall not be used for any business or other purpose.

2. Such information and documents shall be disclosed to and discussed only with the Parties' outside counsel and other persons so authorized pursuant to the terms of this Order, who have in accordance with the provisions of this Order executed a similar Nondisclosure Agreement. Neither such documents or information nor information acquired or extracted from such documents or information will be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity whatsoever, except in compliance with this Order and this Nondisclosure Agreement. This Nondisclosure Agreement does not limit the right of the

Signatory to testify at trial in this Litigation or to prepare documents or other materials for submission at trial in this Litigation.

3. The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by this Order.

4. The undersigned further agrees to return to the attorney from whom he or she received such documents and information, all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by this Order, within 30 days after the termination of this Litigation, including all appeals, or within 30 days after the undersigned is no longer associated with this Litigation, whichever comes first.

5. The undersigned acknowledges that a violation of the terms of this Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to, punishment for civil contempt.

Dated: _____    _____
Signature

_____
Printed Name

_____
_____
Address

_____
Employer(s)